**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

_____X
In re:                                  :
                                        :
Eric Salinas,                           :     Chapter 7
                                        :     Case No. 12-50343
           Debtor.                      :
_____X
Everardo Concepcion-Serrano,            :
                                        :
           Plaintiff,                   :
                                        :
    v.                                  :     Adv. Pro. No. 12-5028
                                        :
Eric Salinas,                           :
                                        :
           Defendant.                   :
_____X

*Appearances*:

Peter T. Lane, Esq.                     :     Attorney for Plaintiff
Schlanger & Schlanger, LLP              :
9 East 40th Street, Suite 1300          :
New York, NY                            :

Mark M. Kratter, Esq.                   :     Attorney for Defendant/Debtor
Kratter & Gustafson, LLC                :
71 East Avenue, Suite O                 :
Norwalk, CT

**MEMORANDUM OF DECISION AND ORDER**
**UNDER BANKRUPTCY CODE § 727(A)(4)(A)**

**I. Introduction**

The plaintiff, Everardo Concepcion-Serrano, commenced this adversary proceeding under 11 U.S.C. § 727(a)(4)(A) to have the defendant/debtor's, Eric Salinas', discharge denied. For the reasons that follow, judgment shall enter in favor of the plaintiff.

## II. Background[1]

On February 27, 2012, the debtor defendant commenced a chapter 7 bankruptcy case. On that date, he also filed his schedules and a "Statement of Financial Affairs" ("SOFA"). (*See* main case, ECF No. 1; Trial Exh. A.) While his schedules did not disclose any interest in business, the debtor listed three business entities on his SOFA, none of which was BKlean, LLC ("BKLean"). (*See id.* at p. 38 (SOFA, Item 18).) The debtor signed his SOFA after making the following declaration:

> I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and theat they are true and correct.

(*Id.* at p. 40.)

On June 4, 2012, the plaintiff commenced this adversary proceeding objecting to the debtor receiving a discharge because of his failure to disclose his ownership of BKLean on his sworn SOFA.[2] (*See* Compl. at ¶ 29; A/P, ECF No. 1.) On June 13, 2012, the debtor filed an answer, denying the plaintiff's § 727(a)(4)(A) allegations. (*See* Answer; A/P, ECF No. 6 at ¶¶ 29-30.) On that date, he also amended his Schedule B–Persoanl Property and Schedule C–Property Claimed as Exempt to include his interest in BKLean, which he valued at $1.00. (*See* main case, ECF No. 14.)

## III. Discussion

As § 727(a) imposes "an extreme penalty for wrongdoing," it "must be strictly construed against those who object to the debtor's discharge and liberally in favor of the bankruptcy." *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310

---

[1] The "Background" is complied primarily from the evidence presented at the May 8, 2013 trial in this adversary proceeding.

[2] The plaintiff's complaint included a cause of action which sought to have the debtor's case dismissed pursuant to Bankruptcy Code § 707(a). He withdrew that count at the commencement of the May 8, 2013 trial. (*See* May 8, 2013 Trial Transcript at p. 3:1-3; ECF No 52 (hereafter, "Trial Tr.").)

(2d Cir. 1996) (internal quotation marks omitted; further citation omitted).  Bankruptcy Code § 727(a)(4)(A) provides:

> (a)  The court shall grant the debtor a discharge, unless—
> * * *
>> (4) the debtor knowingly and fraudulently, in or in connection with the case—
>>> (A) made a false oath or account;
> * * *

11 U.S.C. § 727(a)(4)(A).

> To prove a § 727(a)(4)(A) violation, a creditor must show that: "1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case."

*Republic Credit Corp. I v. Boyer (In re Boyer)*, 328 Fed. App'x 711, 715 (2d Cir. 2009) (quoting *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000)); *see also Casa Investments Co. v. Brenes (In re Brenes)*, 261 B.R. 322, 329, 334 (Bankr. D. Conn. 2001).  All five factors must be proved by a preponderance of the evidence.  *See Obuchowski v. Mick (In re Mick)*, 2003 WL 22247169, *7 (Bankr. D. Vt. Sept. 24, 2003), *aff'd*, 310 B.R. 255 (D. Vt. 2004).  "If the objecting party sufficiently establishes its prima facie case, the burden shifts to the debtor to set forth credible evidence to rebut the prima facie case."  *Katz v. Deedon (In re Deedon)*, 419 B.R. 1, 5 (Bankr. D. Conn. 2009).  A prima facie case is made "once sufficient evidence is presented by the plaintiff to satisfy the burden of going forward with evidence."  *In re Bodenstein*, 168 B.R. 23, 28 (Bankr. E.D.N.Y. 1994).

### *Boyer* Factor 1:  Statement under oath

This court has previously stated:  "Statements under oath include statements in documents, such as the schedules and statement of financial affairs filed under penalty of perjury."  *Montey Corp. v. Maletta (In re Maletta)*, 159 B.R. 108, 112 (Bankr. D. Conn. 1993).  "Omissions as well as affirmative misstatements qualify as false statements for

Section 727(a)(4)(A) purposes." *Deedon*, 419 B.R. at 8 (quoting *Boyer*, 367 B.R. at 45). There is no dispute here that the debtor's SOFA is a statement made under oath.

### *Boyer* Factor 2:  Statement was false

> A statement is false if:  (1) it omits even one asset or source of income; (2) necessarily material information is repeatedly left undisclosed during a case's pendency; or (3) an affirmative misstatement is made and is not corrected during an examination or at any point during [a] case's proceeding.

*Ng & Charming Trading Co. v. Adler (In re Adler)*, 494 B.R. 43, 75 (Bankr. E.D.N.Y. 2013) (further citation omitted).[3]

### *Boyer* Factor 3:  Debtor knew statement was false

> A statement is considered to have been made with knowledge of its falsity if it was known by the debtor to be false, made without belief in its truth, or made with reckless disregard for the truth.

*Maletta*, 159 B.R. at 112; *see also D.A.N. Joint Venture, L.P. v. Cacioli (In re Cacioli)*, 285 B.R. 778, 784 (Bankr. D. Conn. 2002), *aff'd*, 332 B.R. 514 (D. Conn. 2005), *aff'd*, 463 F.3d 229 (2d Cir. 2006).

### *Boyer* Factor 5:  Statement related materially to case

"A statement is considered material if it is pertinent to the discovery of assets." *Casa Inv. Co. v. Brenes (In re Brenes)*, 261 B.R. 322, 334 (Bankr. D. Conn. 2001) (citing *Maletta*, 159 B.R. at 112)).  "A material matter is 'one bearing a relationship to the debtor's transactions or estate or which would lead to the discovery of assets, business dealings or existence of disposition of property.'" *Mick*, 310 B.R. 255, 261 (quoting *In re Sawyer*, 130 B.R. 384, 394 (Bankr. E.D.N.Y. 1991)).

---

[3] The *Adler* court further stated, "One single false oath or account is sufficient to deny a debtor's discharge."  494 B.R. at 75 (citing *TD Bank, N.A. v. Nazzaro (In re Nazzaro)*, No. 810-74869, 2013 WL 145627, at *6-7 (Bankr. E.D.N.Y. Jan. 13, 2013)).

Factors 2, 3 and 5 are considered together because the same nucleus of facts apply to each. As noted, Item 18 of the SOFA requires the disclosure of a debtor's interest in any business within the six years immediately preceding the commencement of the debtor's case. (*See* SOFA, ¶18, main case, ECF No. 1 at p.38.)

Having observed the debtor and assessed his testimony,[4] the court finds that the only credible evidence in the record of this proceeding is that the debtor owned BKLean during the six-year period defined in the SOFA, and the omission of that fact was a false statement that he knew to be false when he signed the SOFA. For example, the debtor testified that he owned BKLean prior to filing his bankruptcy petition. (*See* Trial Tr. 42: 11-17.) Moreover, and of greater significance is the fact that the debtor reported to the government in his 2011 federal tax return that he had an ownership interest in BKLean during the requisite six-year time-frame and that the company made a profit. (*See* Trial Exh. B.) Because the debtor's interest in BKLean bears a relationship to his business interests and could have lead to the discovery of assets, the debtor's omission of BKLean in Item 18 of his SOFA is a material matter related to the administration of this case.

*Boyer* Factor 4:  Statement made with fraudulent intent

"[A] court may infer fraudulent intent under Code § 727(a)(4)(A) from a debtor's reckless indifference to or cavalier disregard for the truth." *In re Boyer*, 367 B.R. at 45 (quoting *Maletta*, 159 B.R. at 112). As this court has stated:  "[F]raudulent intent may be inferred if the false statement is not explained." *Maletta*, 159 B.R. at 112 (citing *In re Arcuri*, 116 B.R. 873, 884 (Bankr. S.D.N.Y. 1990)). Moreover, "[s]ince a plaintiff rarely can produce direct evidence of fraudulent intent, a court may infer fraudulent intent from circumstantial evidence." *Id.* (citing *Neugebauer v. Senese (In re Senese)*, 245

---

[4] The debtor offered no evidence other than his testimony during the plaintiff's part of the trial. "The Bankruptcy Court, as the trier of fact, is in the best position to determine the credibility of witnesses and their testimony." *Reilly v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000), *aff'd without opinion*, 242 F.3d 367 (2d Cir. 2000).

B.R. 565, 575 (Bankr. N. D. Ill. 2000)).

The court finds the debtor's attempted explanations for the omission of BKLean from his SOFA, *i.e.*, that he thought his wife owned the company and that it did not make a profit, was contradicted by his other testimony. (*See, e.g.*, Trial Tr. at 37:2-5 (informing wife in July 2012 that BKLean would be her company); *cf. id.* at 39:3-5, 42:2-14 (debtor agreed to transfer ownership of BKLean to wife before filing for bankruptcy); *but cf. id.* at 42:11-17 (debtor owner of BKLean prior to alleged pre-filing transfer); *see also* Trial Ex. B (2011 tax return).) An inference of fraudulent intent is warranted from that inconsistency and contradiction.

The above findings constitute a prima facie case. The debtor did not offer any evidence after the plaintiff rested.

## IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that judgment shall enter in favor of the plaintiff, and the debtor shall not be granted a discharge.

This Memorandum of Decision constitutes the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

Dated this 26th day of September 2013 at Bridgeport, Connecticut.

By the court

Alan H. W. Shiff
United States Bankruptcy Judge