```
                UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF CONNECTICUT


In Re                              *   Case No. 12-50343(AHWS)
                                   *
                                   *   Bridgeport, Connecticut
ERIC SALINAS,                      *   November 19, 2013
                                   *
            Debtor.                *
                                   *

EVERARDO CONCEPCION-SERRANO,       *   Adv. Proc. No. 12-5028
                                   *
            Plaintiff,             *
                                   *
     v.                            *
                                   *
ERIC SALINAS,                      *
                                   *
            Defendant.             *
                                   *
* * * * * * * * * * * * * * * *



                   TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE ALAN H.W. SHIFF
                UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Plaintiff:         PETER T. LANE, ESQ.
                           Schlanger & Schlanger, LLP
                           9 East 40th Street, Suite 1300
                           New York, NY  10016

For the Defendant:         MARK M. KRATTER, ESQ.
                           Kratter & Gustafson, LLC
                           71 East Avenue, Suite O
                           Norwalk, CT  06851


Court Recorder:            MS. SUJATA RAI

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

**Fiore Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

1        (Proceedings commenced at 11:57 a.m.)

2            THE CLERK: On page 7, adversary no. 12-5028,

3    Concepcion-Serrano vs. Salinas.

4            THE COURT: Salinas. Okay.

5            MR. LANE: Good morning, Your Honor. Peter Lane

6    for plaintiff, Mr. Concepcion Serrano.

7            MR. KRATTER: Good morning, Your Honor. Attorney

8    Mark Kratter for the defendant.

9            THE COURT:

10           MR. LANE: Your Honor, we're here on plaintiff's

11   motion -- two part motion.

12           One for an award of fees and costs following

13   successful adversary proceeding and secondly, relief from

14   stay now that the debtors -- the debtor's been denied

15   discharge.

16           I filed a motion on October 31st. I've not received

17   an opposition and had no idea that Mr. Kratter intended to

18   oppose himself this morning.

19           The motion is requesting fees and costs, costs

20   under Federal Rules of Civil Procedure 54 and fees under the

21   Fair Labor Standards Act, as this adversary proceeding is a

22   collateral or -- collateral proceeding to prevent the

23   discharge of a judgment debt, whereas, Mr. Concepcion-Serrano

24   and his former co-workers had obtained a default judgment

25   against the debtor in the Southern District of New York.

1    The bankruptcy here was filed just after the
2    district court in New York had set the matter down for
3    inquest to determine damages and fees in that case.
4    All of those proceedings were stayed pending the
5    Chapter 7 bankruptcy here.
6    In September Your Honor issued an order after a
7    trial and post-trial briefing denying discharge under
8    727(a)(4)(A) for fraudulent omissions.
9    At that time plaintiff filed a motion seeking fees
10   and costs.
11   MR. KRATTER: Your Honor, we opposed the granting
12   of fees and costs and if Your Honor decides to grant fees and
13   costs, the attorneys fees that are asking in the magnitude of
14   around $49,000 are exorbitant.
15   We had a one hour to one and a half hour trial and
16   I believe we were here on one discovery motion to compel,
17   which my client did comply and did give the discovery. I
18   don't understand how there could possibly be a $49,000
19   attorney's fee.
20   THE COURT: Well, in the first instance the
21   question is are -- is the creditor entitled to fees under 54,
22   but I can't look at 54 alone. I've got to look at 7054. And
23   7054 is a bankruptcy rule. And 7054 does adopt 54, but only
24   in part.
25   7054 says -- states that 7054(a) judgments, Rule

4

1   54(a) through (c) of the Federal Rules of civil procedure

2   apply in adversary proceedings.

3           So if I look at Rule 54(a) through (c), I don't get

4   up to (d), which is what you're talking about.  You're

5   looking for fees and costs under Federal Rule of Civil

6   Procedure 54(d).  (D) isn't included in the application of

7   the bankruptcy rules to the district court rules.

8           MR. LANE:  I see, Your Honor.

9           The request for fees itself is not specifically

10  under Rule 54, but under federal case law which provides for

11  the award of reasonable fees under fee shifting statutes when

12  a creditor has been successful in adversary proceeding to

13  prevent the discharge of the judgment debt obtained in

14  district court.

15          THE COURT:  So you're telling me that there's a

16  court that says we decline to follow the Federal Rules of

17  Civil Procedure and we decline to follow the rules of the

18  Federal Rules of Bankruptcy Procedure and nonetheless, we're

19  going to allow a fee under Rule 54(d).

20          Do you have a case that says that?

21          MR. LANE:  I don't read 54 to prevent Your Honor

22  from --

23          THE COURT:  Tell me the statute that you're relying

24  on, because the Federal Rules of Bankruptcy Procedure are

25  right on the nose on this.

5

1           MR. LANE: Your Honor --

2           THE COURT: You want to get rules -- if you want to

3 get fees in the district court action, apply for the district

4 court action and get the fee that you're looking for from the

5 district court that will pay you for -- if the court agrees

6 with you, to award attorneys fees. That's the place where

7 perhaps you're entitled to get fees.

8           But this is an adversary proceeding. And this

9 adversary proceeding deals with a separate and distinct

10 matter and that is whether a person gets a discharge.

11           It isn't an issue of why they didn't get the

12 discharge. It's a question of if they don't get a discharge,

13 what are your remedies. And (d) is not one of them.

14           This court is bound by Rule 7054.

15           MR. LANE: Yes, Your Honor.

16           I would still point Your Honor to both bankruptcy

17 court and district court case law that provides the

18 successful plaintiff in an adversary proceeding is entitled

19 to an award of fees when statutes or contract provides an

20 independent basis for that award.

21           THE COURT: The independent basis for the award

22 isn't -- you didn't get -- I am not going to repeat what I

23 have said earlier.

24           There is a rule here. The rule is the equivalent

25 of a statute. It is approved by Congress. It specifically

6

1  kept out (d).  They could have said (a) through (d).  They
2  decided not to say (a) through (d).  They only said (a)
3  through (c).
4          This court isn't going to say I'm going to put (d)
5  in anyway.
6          If you succeed upstairs, or whatever stairs you
7  have to -- or wherever the award was. I don't know if it's
8  in the District of Connecticut or somewhere else.
9          If you get an award because of some unfair labor
10 act and then on the basis of that a discharge is denied
11 because of the failure to do something -- and I think yours
12 was 727(a)(4).
13         If under 727(a)(4), which had as a factual context
14 the Fair Labor Practices Act -- is that the act you're
15 talking about?
16         MR. LANE:  The Fair Labor Standards Act.
17         THE COURT:  Fair Labor Standards Act.  Thank you.
18         Then that's the -- then you've succeeded.  The
19 people who get discharge actions decided in their favor
20 don't also get attorney's fees.
21         I've not seen one of those and there's a good
22 reason why I haven't.  The rules don't allow it.
23         Now show me the court of appeals in this circuit
24 which says that a person who wins a 727 action
25 notwithstanding 7054(a) still can apply for attorneys fees

7

1    which are covered in 7054(d), not included in 7054(a).

2             Do you have such a court of appeals decision?

3             MR. LANE:  I can't at this moment direct you to

4    that court of appeals decision, Your Honor.

5             THE COURT:  All right.  That would be a decision

6    I'd have to follow.

7             MR. LANE:  I can direct Your Honor to *Hinshaw vs.*

8    *Monk* in the District of Massachusetts.

9             THE COURT:  Okay.  It's not binding on this court.

10            MR. LANE:  I understand, Your Honor.

11            I can also direct Your Honor to *Cybel vs. Paulino*

12   (ph) in the Eastern District of Pennsylvania.

13            THE COURT:  Same --

14            MR. LANE:  I understand Your Honor.

15            THE COURT:  And I'd be surprised to see my

16   colleagues -- they -- we're going to read the rule to allow

17   you to have attorney's fees when the rule specifically in

18   plain, clear language say you're not.

19            But anyway, there may have been some basis that

20   you haven't disclosed.

21            But I've got to look at the rules. I don't write

22   them. I can only read them and the reading of them cannot be

23   more clear.

24            So the motion for attorney's fees under 7054(d) is

25   denied.

1            MR. KRATTER:  Thank you, Your Honor.

2            MR. LANE:  Your Honor, there was a second part to
3    the motion.

4            THE COURT:  The motion for relief from stay.

5            MR. LANE:  Right.  And the debtor hasn't denied
6    discharge.

7            And in an abundance of caution we're asking for an
8    order specifically that allows us to proceed with the
9    inquest in the Southern District.

10           THE COURT:  Why shouldn't you have it?

11           MR. KRATTER:  I have no objection.  I don't think
12   there's a stay in place --

13           THE COURT:  Well, I'll grant that motion because
14   sometimes the other courts see bankruptcy and they ask for
15   our clarification of the --

16           MR. LANE:  I'm almost certain that the district
17   court would ask for that.

18           THE COURT:  All right.  So prepare an order.  It's
19   a consent order of relief from stay.

20           MR. KRATTER:  Thank you.

21           MR. LANE:  Thank you very much, Your Honor.

22           THE COURT:  You're welcome, sir.

23        (Proceedings adjourned at 12:07 p.m.)

24

25

9

1  I, CHRISTINE FIORE, Certified Electronic Reporter and
2  Transcriber, certify that the foregoing is a correct
3  transcript from the official electronic sound recording of
4  the proceedings in the above-entitled matter.

*Christine Fiore*

_____          October 24, 2014
Christine Fiore, CERT*D-410